# United States Court of Appeals

### For the Eighth Circuit

_____

No. 22-2801

_____

United States of America

*Plaintiff - Appellee*

v.

Yuri Perren Green, Jr., also known as YG

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Central

_____

Submitted: October 19, 2023
Filed: June 12, 2024
[Published]

_____

Before GRUENDER, STRAS, and KOBES, Circuit Judges.

_____

PER CURIAM.

Yuri Green, Jr., twice tried to kill members of a rival gang. Although he argues the district court[1] should have acquitted him of racketeering-related attempted-murder charges, we affirm.

_____

[1]The Honorable Rebecca Goodgame Ebinger, United States District Judge for the Southern District of Iowa.

# I.

A feud between two Des Moines street gangs led to a drive-by shooting on Mother's Day. An OTB (short for Only the Brothers) member was hit, so Green wanted revenge. When he saw an SUV he mistakenly thought belonged to a member of the rival gang later that day, he opened fire. Fortunately, he missed the driver, who had no connection to either group.

After numerous members of OTB ended up in police custody, Green and others began calling themselves the Money Gang. Existing rivalries continued, however, which led to his participation in another shooting.

Green's actions resulted in two counts each of attempted murder in aid of racketeering, *see* 18 U.S.C. § 1959(a)(5), and discharging a firearm during a crime of violence, *see id.* § 924(c)(1)(A)(iii). After a jury found him guilty of all counts, he moved for an acquittal, but the district court determined there was sufficient evidence supporting the verdict. *See* Fed. R. Crim. P. 29(c).

# II.

The court was right. The racketeering-related attempted-murder charges required the government to prove that OTB was "an enterprise," 18 U.S.C. § 1959(a), "a continuing unit that function[ed] with a common purpose," *Boyle v. United States*, 556 U.S. 938, 948 (2009) (interpreting the identical "enterprise" element in a related statute); *see also* 18 U.S.C. §§ 1959(b)(2), 1961(4) (defining the term). Unless "no reasonable jury could have found" it was one, the convictions will stand. *United States v. McArthur*, 850 F.3d 925, 933 (8th Cir. 2017) (reviewing the sufficiency of the evidence de novo).

The evidence established that OTB functioned as a "continuing unit" and that its members had a "common purpose." *Boyle*, 556 U.S. at 948. A police detective

explained that OTB had split off from a larger gang about a year earlier, after a key member was killed. According to one OTB member, a common purpose—a "big part" of what they did—was "get[ting] money" through selling drugs, both "together and individual[ly]." Another was attacking rivals, which involved carrying a gun with a bullet in the chamber, "look[ing] for opps," and "shoot[ing] at them." *See McArthur*, 850 F.3d at 934 (identifying "promot[ing] the [gang], develop[ing] its reputation, and protect[ing] its territory and members" as common purposes of an "enterprise").

Little changed after the group renamed itself the Money Gang. It was still the "[s]ame individuals doing the same activities." It made no difference that they called themselves something different, because an enterprise "need not have a name" at all, much less a permanent one. *Boyle*, 556 U.S. at 948. All that matters is that it had "a purpose, relationships among those associated with the enterprise, and longevity sufficient to permit these associates to pursue [its] purpose." *Id.* at 946 (listing the "structural features" of "an association-in-fact enterprise").

Green also did not need to be a member of OTB to have taken actions in aid of racketeering. It was good enough that the violent acts he committed were "for the purpose of gaining entrance to or maintaining or increasing position in" the gang. 18 U.S.C. § 1959(a). So even if he was just an "associate," not a full-fledged "member," the evidence was sufficient for a reasonable jury to conclude that he wanted to advance within the organization. *See id.*

### III.

We accordingly affirm the judgment of the district court.

_____